NAVE
v.
NAVE.

NAVE *v.* NAVE.

7   122
136  540

In suits for divorce, under the statute of 1843, the parties respectively had the right to examine their witnesses orally in Court, or to take their depositions.

In the construction of statutes, the word *may* will be construed to be synonymous with *shall*, where public interests and rights are concerned, and where the public or third persons have a claim *de jure* that the power shall be exercised.

The fourth clause of section 45 of the statute of 1843 relating to divorces, (R. S. 1843, p. 602,) did not concern public rights, but merely gave a privilege to the parties, for their benefit or convenience, which they might exercise or not at their pleasure.

Depositions could not be taken conditionally, after answer filed, either in the *English* chancery or under our statute.

In a suit for divorce, depositions were taken after answer, but the bill of exceptions stated that they were taken *de bene esse.* *Held,* that the statement amounted to nothing.

A finding of the Circuit Court will not be interfered with, except where the preponderance of the evidence is so great against it, as to show it to be wrong beyond doubt.

*Friday,*
*November* 30.

APPEAL from the *Fountain* Circuit Court.

GOOKINS, J.—Action for divorce and alimony by the wife against the husband, under the statute of 1843, alleging cruel and inhuman treatment as the ground of divorce. The husband answered, denying the charges in the bill, and setting up, by way of cross bill, abandonment by the wife, for which he claimed a divorce. The Circuit Court decreed a divorce on the wife's bill, and awarded alimony, from which the husband appeals.

Two questions are made in this Court, one as to the admissibility of the plaintiff's depositions, the other upon the sufficiency of the evidence to sustain the decree.

The plaintiff's evidence consisted chiefly of depositions taken *de bene esse*, as the bill of exceptions states, to the reading of which, at the trial, the defendant objected, unless the plaintiff would show that the witnesses were unable to attend and testify in person. The objection was overruled, and the depositions were received.

The statute of 1843, p. 602, sec. 45, provides that the practice and proceedings in suits for divorce, shall be the

same as in other cases in chancery, with certain excep-

tions.   Among the exceptions, it is provided that wit-
nesses *may* be examined orally in Court, as in trials at
law.

The statute authorizing depositions in cases at law,
provides that they may be taken when a witness is about
to leave the state, is aged, sick or infirm; but that a depo-
sition so taken can not be read at the trial, unless the
cause for taking continues, or unless the witness is in-
sane, out of the state, or dead.   R. S. 1843, pp. 720, 722,
ss. 265, 279.

The act regulating practice in chancery, (R. S. 1843, p.
842, s. 68,) provides, that depositions may be taken in like
manner, and subject to the same rules and regulations,
as in suits at law; and the 67th section provides that the
complainant may take depositions in thirty days after the
subpœna is served or publication made, and the defendant
as soon as his answer is filed.   See *Phillips* v. *Phillips*,
5 Ind. R. 190.

Under the statute regulating the practice in actions for
divorce, the plaintiff had her election to examine the wit-
nesses orally in Court, or to take their depositions.   The
cases in which the word "may" imports "shall," are those
in which public interests and rights are concerned, and
where the public or third persons have a claim *de jure* that
the power should be exercised.   *The Newburgh Turnpike
Company* v. *Miller*, 5 Johns. Ch. R. 101.   No such rights
are involved in this question of practice, but a privilege is
given to parties litigant for their benefit or convenience,
which they may exercise or not at their election.   *Malcom*
v. *Rogers*, 5 Cow. 188.

These depositions were taken *de bene esse*, and the ques-
tion is, could they be read, regardless of the condition?

In the *English* chancery, depositions could not be taken
generally in the cause, until after answer.   They might be
taken, *de bene esse*, before answer, but these could not be
read at the trial, unless the cause for taking continued, but
the witness must be re-examined after answer.   1 Harr.
Ch. Pr. 370.

Nov. Term, 1855.

NAVE
v.
NAVE.

Our statute has changed the practice in this respect, by providing that depositions may be taken generally, after the service of process, by the plaintiff, or after answer by the defendant. If depositions could be taken *de bene esse* at all in chancery, under this statute, it would be only within the thirty days by the plaintiff, and before answer by the defendant; but there is no such thing as taking depositions conditionally, either in the *English* chancery, or under our statute, after answer filed. The depositions in this case were taken after answer, and consequently the statement that they were taken *de bene esse* amounts to nothing. The defendant attended and had the full benefit of a cross-examination, so that he is not injured; but we do not put the case on that ground. Having determined that it was a suit in chancery, in which depositions might be taken, and that when these were taken they could not properly be taken to be read upon condition, he would have been bound by them, whether he attended or not.

On the question of the sufficiency of the evidence, it is enough to say that there was a conflict which the Circuit Court has weighed, and found for the plaintiff below. If her testimony was true, the charges of the bill were fully sustained. The defendant's testimony tended strongly, in some parts, to disprove the plaintiff's case; and while we fully concur in the views of the appellant's counsel in regard to the impropriety of granting divorces in doubtful cases, the rule which prevails in this Court prevents our interfering, except where the preponderance is so great against the finding of the Circuit Court, as to show it to be wrong beyond doubt. That preponderance does not appear in this case, and the decree must be affirmed.

*Per Curiam.*—The decree is affirmed, with 3 per cent. damages and costs.

*H. S. Lane*, *S. C. Willson* and *Z. Baird*, for the appellant.

*R. C. Gregory* and *R. Jones*, for the appellee.