## YOUNG v. STATE OF INDIANA.

[No. 24,163.    Filed March 6, 1923.]

1. CRIMINAL LAW. — *Appeal.* — *Briefs.* — *Waiver of Error.* — Where appellant fails to support his assigned errors by propositions and authorities in his brief, such errors are waived. p. 667.

2. CRIMINAL LAW.—*Appeal.*—*Sufficiency of Evidence.*—*Burden of Appellant.*—*Searching Record.*— Where the sufficiency of the evidence is challenged on appeal, it is appellant's duty to show wherein it is insufficient, and it is not incumbent upon the court to search either the record or the narrative statement of the evidence in appellant's brief to ascertain whether each material element of the crime is supported by some competent evidence. p. 667.

From Delaware Circuit Court; *W. A. Thompson*, Judge.

Prosecution by the State of Indiana against Clifford Young. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Thomas V. Miller,* for appellant.

*U. S. Lesh,* Attorney-General, and *Connor D. Ross,* for the state.

TRAVIS, C. J.—Appellant was charged by affidavit with having unlawfully had carnal knowledge of a female child under sixteen years of age, and from the judgment upon the verdict of the jury he appeals, and assigns as error; that the court erred in overruling his motion for a new trial, for the reason that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law; in overruling his motion to quash the affidavit, and the motion in arrest.

Because appellant has not supported his assigned errors upon the overruling of his motions to quash the affidavit and in arrest, by propositions and authorities in his brief, such errors are waived. The only errors considered upon appeal, are, that the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

1.

At no place in his brief or written argument, does appellant show to the court wherein the evidence is insufficient to support any material element of the crime. To have done this was the duty of appellant to sustain an alleged error of the insufficiency of the evidence to sustain the verdict. It is not incumbent upon the court to search either the record or the narrative statement of the evidence in appellant's brief to ascertain whether or not each material element of the crime has been supported by some competent evidence. *Berry* v. *State* (1919), 188 Ind. 102, 108, 122 N. E. 324; *Barker* v. *State* (1918), 188 Ind. 263, 120 N. E. 593.

2.

The evidence, as narrated in appellant's brief, and also in the transcript, has been carefully considered, from which examination it is apparent that every material element of the crime charged was sufficiently sustained by competent evidence, given by witnesses on behalf of the state. Appellant, testifying in his own behalf, denied having committed the crime as to every material element. For the reasons that the evidence will not be weighed upon appeal, and that, if there was some competent evidence to prove every material element of the crime charged, the crime is proved by sufficient evidence to sustain the verdict, and that the verdict is not contrary to law. *Flinn* v. *State* (1919), 188 Ind. 531, 124 N. E. 875; *Barker* v. *State* (1919), 188 Ind. 493, 495, 124 N. E. 681.

Judgment affirmed.