## HARTMAN v. STATE OF INDIANA.

[No. 24,486.   Filed November 7, 1924.]

1. CRIMINAL LAW.—*New Trial.—Finding not Sustained.—Must be Shown in Brief.*—A motion for new trial on the ground of insufficiency of the evidence is not sustained where appellant fails to show in his brief or argument an absence of proof to sustain any particular essential element of the offense as charged, and there was competent evidence to prove venue and the offense.   p. 328.

2. CRIMINAL LAW.—*Appeal.—Sufficiency of Evidence to Preclude Review.*—Where there is ample evidence, unchallenged at the trial, to warrant the finding of guilty by the trial court, the supreme court is precluded from considering the evidence of appellant denying the facts proved by the state.   p. 328.

3. CRIMINAL LAW.— *Appeal.— Objection Necessary.— Competency of Evidence.*—An objection to the admission of incompetent evidence will not be considered on appeal unless the alleged error was objected to at the trial and presented to the trial court by a motion for a new trial.   p. 329.

From Marion Criminal Court (54,751); *James A. Collins*, Judge.

Sam Hartman was convicted of a violation of the prohibition law, and he appeals.   *Affirmed.*

*Alexander Belle, S. C. Bodner* and *William B. Miller*, for appellant.

*U. S. Lesh*, Attorney-General, and *Owen S. Boling*, for the State.

TRAVIS, J.—Appellant was convicted for violation of the prohibition law, amended §4, Acts 1923 p. 70, as charged in an indictment, for having, on April 28, 1923, in Marion county, Indiana, unlawfully sold, bartered, exchanged, and given away, intoxicating liquor to a person named in the indictment.

The trial was by the court without a jury upon appellant's plea of not guilty.   Judgment of a fine and imprisonment followed the finding of guilty by the court upon the second count of the indictment, from which

judgment appellant appeals, and assigns as error that the court erred in overruling his motion for a new trial, for the causes that the finding of the court is not sustained by sufficient evidence, and is contrary to law.

Appellant attempts to make the point that the motion for a new trial should have been sustained because there was no legal evidence to sustain the finding of guilty by the court, in that the evidence fails to establish the essential elements of the offense. He fails utterly to show by his brief, or argument, an absence or lack of proof to sustain any particular essential element of the offense as charged. Appellant neither made an objection to the introduction of any of the evidence, nor moved to strike out any evidence introduced. The only exception to the court's ruling in the progress of the case, was to the overruling of the motion for a new trial. There was competent evidence in proof of the venue, and the sale of intoxicating liquor on April 28, 1923, to the person named in the indictment, which includes every essential element of the offense charged. He does not state that there is an entire absence of evidence in support of any material element to sustain the offense charged, whereby the insufficiency of the evidence to support the finding of guilty becomes a question of law, which is the necessary duty of an appellant to do. *Harito* v. *State* (1923), 193 Ind. 517, 141 N. E. 57; *Young* v. *State* (1923), 192 Ind. 666, 138 N. E. 258.

There is ample evidence, unchallenged at the trial, to induce the court to make its finding of guilty, and to sustain the finding of guilty on appeal, which precludes this court from considering the evidence on behalf of appellant, denying the facts in support of the charge as proved by the evidence on behalf of the state. *Harito* v. *State, supra.*

To the point that there was much incompetent evi-

dence introduced at the trial, it must be answered that appellant made no objection to the admission of any evidence at the trial, and does not by his points or propositions of law in his brief question any particular evidence. Such an objection under the error assigned in this case will avail nothing, unless the alleged error of the trial court in permitting the objectionable evidence to be introduced, was presented to the trial court by motion for a new trial, for consideration and correction. *Poehler* v. *State* (1924), 194 Ind. 207, 142 N. E. 410.

The finding of the court is sustained by sufficient evidence, and is not contrary to law.

Judgment affirmed.