WISHMIRE v. STATE OF INDIANA.

[No. 24,650.  Filed April 8, 1925.]

1. CRIMINAL LAW.—*Burden to show error is upon appellant.*—A party seeking the reversal of a judgment has the burden of showing that his substantial rights were prejudiced by the errors complained of, and unless the record shows an error complained of was injurious to the defendant, it may be regarded as harmless.  p. 107.

2. CRIMINAL LAW.—*Overruling motion to suppress evidence is harmless error if not introduced.*—Where property described in a motion to suppress evidence made before trial, was not introduced in evidence upon the trial, defendant was not harmed by the overruling of the motion. p. 107.

3. CRIMINAL LAW.—*Objections to evidence not considered if not in bill of exceptions.*—Where the bill of exceptions does not show any objection made to oral evidence or any exception taken, no question on its admissibility is presented to the reviewing court. p. 107.

4. CRIMINAL LAW.—*Motion to suppress evidence concerning property seized does not reach evidence of the seizure.*—A motion to suppress evidence made before trial which describes the property alleged to have been seized by an illegal search and asks that it be suppressed, does not reach the question of oral evidence regarding such seizure. p. 108.

5. CRIMINAL LAW.—*Objection to evidence by motion to suppress before trial, does not preclude necessity for objection to oral evidence of the seizure at trial.*—Defendant filed a motion for the suppression of evidence before trial which described property alleged to have been seized on an illegal search and asked that it be suppressed; this property was not introduced in evidence but oral evidence concerning the seizure and the intoxicating liquor found was introduced without objection by defendant; *held,* defendant's motion to suppress the evidence did not preclude the necessity of objecting to the oral evidence, as such objection was not included in the motion to suppress. p. 108.

6. CRIMINAL LAW.—*Grounds for new trial that a motion to suppress evidence was overruled held not to cover admissibility of oral evidence.*—Grounds for a motion for new trial that a motion to suppress certain demonstrative evidence was overruled, that the finding was contrary to law and not supported by sufficient evidence, do not cover the admissibility and competency of oral evidence concerning such demonstrative evidence. p. 109.

7. INTOXICATING LIQUOR.—*Transportation for personal use does not bring one within the statutory exceptions.*—Evidence that defendant was found transporting liquor which he said he had purchased for his own use does not bring him within the exception of ch. 34 of Acts 1923, the act under which he was prosecuted: "That nothing herein contained shall affect the transportation of intoxicating liquor for such purposes or uses as are not prohibited by existing law." p. 109.

From Marion Criminal Court (55,443); *James A. Collins,* Judge.

Richard Wishmire was convicted of transporting intoxicating liquor and he appeals. *Affirmed.*

*Ward & Grabill,* for appellant.

*U. S. Lesh,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

GEMMILL, J.—Appellant was convicted in the criminal court of Marion county of transporting intoxicating liquor in an automobile. The indictment was based on ch. 34 of the acts of 1923, Acts 1923 p. 108.

The only assignment of error before this court is that the trial court erred in overruling appellant's motion for a new trial. When the assignment of errors was filed, the appellant claimed that the court erred in overruling his motion in arrest of judgment; but in his reply brief, it is admitted that said motion having been filed after judgment, the ruling thereon presents no question for review.

The motion for a new trial sets out the following causes: "(1) That the court erred in overruling defendant's motion to suppress the evidence; (2) that the finding of the court is contrary to law; (3) that the finding of the court is not sustained by sufficient evidence."

The motion to suppress certain evidence states that on September 22, 1923, a deputy sheriff of Marion county and another officer stopped defendant who was driving an automobile near Maywood in said county and unlawfully and without warrant and authority and over defendant's objection searched the car and seized five gallons of alcohol, five gallons of white mule whisky and five gallons of water, and that the prosecuting attorney of said county was proposing to use said described property, unlawfully seized and held, at

defendant's trial, and that by reason thereof, defendant's rights had been and would be violated unless the court would suppress said evidence. The prayer of the motion was that the court suppress said evidence as it was unlawfully and unreasonably obtained. The motion was overruled and exception taken. A party

1. seeking the reversal of a judgment has the burden of showing that his substantial rights were prejudiced by the errors complained of. It is not enough merely to show that errors were committed. Unless the record of an appeal in a criminal case shows that an error complained of was injurious to the defendant, it may be regarded as harmless. Ewbank, Manual of Practice (2d ed.) 254. The property described in the motion to suppress was not in-

2. troduced in evidence upon the trial; and therefore, appellant was not harmed by said ruling. It is not necessary for us to decide if the ruling on said motion was correct or erroneous.

The testimony of the deputy sheriff shows that he found in the automobile, which appellant was driving when he stopped him, a jug containing five gallons of while mule whisky, a jug containing five gallons of distilled water and a can containing five gallons of alcohol. Appellant, who was a witness in his own behalf, says that at Tibbs avenue and Eagle creek in Indianapolis, he met a party from whom he bought fifteen gallons of whisky, which he had in an automobile, covered up with a laprobe, when stopped by the deputy sheriff on the Mooresville road, and that he had bought the liquor for his own use. In his brief, the appellant claims that the evidence given by the deputy sheriff and party with him was not admissible against the appellant for the reason that the search and seizure were unlawful.

3. It is not shown in the bill of exceptions that any objection was made to any of the oral evi-

dence introduced by the state and no exception was taken to any part of same. It is well settled that only such objections to evidence as are made on the trial of the cause and are properly excepted to and saved will be considered on appeal. In *Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E. 674, this Court said: "If the evidence of the officers was obtained illegally, then proper objection should have been made to the introduction of such evidence. If such objections were made and overruled, then such rulings should have been assigned as causes for a new trial. The motion for a new trial sets out no such rulings, and, of course, if the court below was not asked to grant a new trial on account thereof, we cannot do so." In the Volderauer case, appellant filed a motion for the return of the liquor and property taken from him at the time of his arrest, on the ground that said property was seized unlawfully and without warrant. The motion to suppress

4. evidence, in the case under consideration, covered only the property described therein and did not reach the question of oral evidence.

Appellant claims that as his said motion was overruled, to which ruling he excepted, it was not necessary for him to object to the introduction of evidence

5. of the witnesses as to what was discovered by the search and seizure, in order to save the question; and in support of his contention cites *Flum* v. *State* (1923), 193 Ind. 585, 141 N. E. 353. In the Flum case, it is shown that the appellant objected to the question concerning the search and seizure given by the first witness, and that it was not necessary to renew the objection when the said evidence was admitted through other witnesses. Prior to this, the court had refused to allow the defendant to file his verified motion to quash the affidavit, the search warrant, the return thereon and to suppress the evidence. In our opinion, this decision

does not support appellant's contention. The causes stated in the motion for a new trial in the instant case do not raise the question as to the admissibility of the oral evidence introduced by the state.

Appellant claims that the transportation of intoxicating liquor by him was for his own use, and therefore, not unlawful for the reason that such transportation was not prohibited by existing law. This claim was based on the proviso of said chapter 34, which reads as follows: "That nothing herein contained shall affect the transportation of intoxicating liquor for such purposes or uses as are not prohibited by existing law." The deputy sheriff who made the arrest testified in regard to the automobile which appellant was driving, saying that he knew it was a bootlegger's car, that he had the license number of several cars and had been looking for that car for two months. The evidence was such as to warrant the trial court in deciding that the transportation of intoxicating liquor by appellant did not come under said proviso.

The finding of the court was sustained by sufficient evidence and was not contrary to law.

The judgment is affirmed.