James Edward FRANCE, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 1-178A23.

Court of Appeals of Indiana, First District.

March 22, 1979.

Harriette Bailey Conn, Public Defender, Howard N. Bernstein, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

James Edward France (France) was convicted of robbery, and received an indeterminate sentence of ten to twenty-five years and disenfranchised for a period of twelve years. Defendant-appellant France presents the following issues for review:

(1) Whether the trial court erred in instructing on the lesser included offense of robbery;

(2) Whether the trial court erred in denying defendant's motions for directed verdict at the inception of the trial and at the close of the State's case-in-chief;

(3) Whether the trial court erred in the usage of psychiatric reports of psychiatrists not present at trial;

(4) Whether a statement by the prosecutor was prejudicial to the defendant;

(5) Whether the trial court erred in overruling defendant's motion for mistrial and objections to the admission of evidence of other crimes.

We find no reversible error and accordingly affirm the conviction.

France was originally charged with commission of a felony while armed and robbery;[1] the State later dismissed the latter charge. It is therefore contended that the trial court committed reversible error in instructing the jury on the lesser included offense of robbery: (1) because the State had previously dismissed that charge, and (2) since the facts clearly support the greater offense.[2] This second prong was not a basis for objection at trial, and consequently, may not be argued on appeal. We, therefore, need only determine whether the previous dismissal of the robbery charge prevents an instruction on that lesser included offense.

■ There is no dispute that robbery is a lesser included offense of armed robbery. *DeWeese v. State*, (1972) 258 Ind. 520, 282 N.E.2d 828. We make that determination based, not only on the statutory language defining the elements of each offense, but also on the language of the charging information. *Hash v. State*, (1972) 258 Ind. 692, 284 N.E.2d 770. The thrust of France's argument is that such circumstances deprived him of an adequate opportunity to prepare a defense. France had the burden

to present this issue specifically, followed by cogent argument, and supported by proper authority. He has failed to provide this court with the appropriate authority. The cases cited by defendant in support of this proposition do not, in fact, corroborate this particular basis relied upon. Those cases pertain to lesser included offenses but not the issue of adequacy of preparation of a defense. Thus, France has failed to comply with the requirement of Ind. Rules of Procedure, Appellate Rule 8.3(A)(7) and this issue is thereby waived.

■ France argues error in the trial court's failure to grant his "Motion for Directed Verdict of Acquittal." We interpret this to mean motion for judgment on the evidence. T.R. 50. France bases his allegation of error on the failure of the State to enter a general denial to his plea of not guilty by reason of insanity. Indiana Code 35–5–2–1 states the following:

"Pleading insanity as a defense.—When the defendant in a criminal cause desires to plead that he was of unsound mind at the time the offense charged was committed, he himself, or his counsel, must set up such defense specially in writing, and the prosecuting attorney *may* reply thereto by a general denial in writing." (Our emphasis)

France argues that the permissive "may" should be interpreted as a mandatory "shall", and therefore, failure to file a general denial is, in essence, an agreement of defendant's insanity. France has attempted to distinguish *Brown v. State*, (1934) 206 Ind. 223, 189 N.E. 133. That case held that failure to file a general denial to the pleaded defense of insanity is not reversible error absent a showing of prejudice to the defendant or his defense. France argues prejudice as to the defense of insanity by the State's introduction of allegedly biased psychiatric testimony. This contention is based upon the complete reversal of opinion of the court-appointed psychiatrists upon

---

1. Ind.Code 35–13–4–6.

2. This ground for appeal is argued in France's brief but not in his motion to correct errors.

He, therefore, waived this basis of error pursuant to A.R. 8.3(A)(7).

their second examination of France. We believe this demonstrates neither denial of a fair trial, nor prejudice requiring reversal of the trial court.

 France also contends error in the overruling of his motion for directed verdict at the close of the State's case-in-chief. France based his motion upon three grounds: (1) failure by the State to enter a general denial to the defense of insanity; (2) failure to sustain a prima facie case of commission of a felony while armed by not proving use of a deadly or dangerous weapon, and (3) insufficient evidence of defendant's sanity. We have already disposed of France's first basis of error. The remaining bases are refuted by the evidence in that there was testimony of defendant's use of a gun during the commission of the robbery, and there was also testimony stating that France was sane at the time of the commission of the crime. One is entitled to a directed verdict only where there is a *total* lack of evidence on some essential issue or where there is *no* conflict in the evidence—where the evidence is susceptible to only one inference which is in favor of the accused. (Our emphasis) *Mitchell v. State*, (1978) Ind., 376 N.E.2d 473. Clearly, the trial court did not err in overruling defendant's motion. Moreover, defendant waived alleged error by presentation of evidence on his behalf. *Simpson v. State*, (1978) Ind., 381 N.E.2d 1229; *Korn v. State*, (1978) Ind., 379 N.E.2d 444; *Moore v. State*, (1978) Ind.App., 381 N.E.2d 523; *Neff v. State*, (1978) Ind.App., 379 N.E.2d 473; T.R. 50(A)(6).

 France also contends error in the use by the State of psychiatric reports formulated by psychiatrists unavailable for cross-examination. In so doing, France argues denial of his right to confrontation. Although the reports were not introduced into evidence, the defendant contends that the questions asked by the State revealed the substance of the reports to the jury. France admits that his objections at trial were not complete but states that this court cannot "ignore the device of fundamental due process." We, therefore, are being asked to invoke the doctrine of fundamental error. The doctrine allows an appellate court to by-pass the normal rules of appellate procedure, such as the requirement of specific objections, when a failure to invoke the doctrine would be blatant error denying fundamental due process. *Teague v. State*, (1978) Ind., 379 N.E.2d 418. We do not find that the necessary fundamental error occurred here.

 The fact that a psychiatric expert bases his opinion in part on reports from mental hospitals or other psychiatrists does not make the opinion and testimony of the expert excludable. Once a plea of insanity is offered by the defendant, all relevant evidence is deemed admissible. *Twomey v. State*, (1971) 256 Ind. 128, 267 N.E.2d 176. The Indiana Supreme Court addressed a similar question in *Wilson v. State*, (1966) 247 Ind. 454, 217 N.E.2d 147:

> "It has been repeatedly held that a plea of insanity opens wide the door to all evidence relating to the defendant and his environment. In many instances evidence would not otherwise be competent or material except for showing the mental state of the defendant."

Although medical reports containing observations and expert opinions relating to a defendant's sanity or insanity should not be admitted directly into evidence, they may be used by another expert in rendering an opinion as to defendant's sanity. *Smith v. State*, (1972) 259 Ind. 187, 285 N.E.2d 275. The function of an expert witness in cases concerning one's sanity or insanity is advisory in nature. He does not state a fact, but gives an opinion; the trier of fact must make the ultimate decision on this issue. *Stacks v. State*, (1978) Ind.App., 372 N.E.2d 1201; *Henderson v. State*, (1974) 159 Ind. App. 621, 308 N.E.2d 710. Thus, "the facts upon which an [expert witness] bases [his] opinion may be shown so that the jury may weigh the opinion in light of the facts upon which it is based." *Henderson v. State, supra*, quoting from *Walter v. State*, (1935) 208 Ind. 231, 195 N.E. 268. Evidence which is logically relevant, but which has little probative value in the particular case, has

no legal relevancy or materiality and may be excluded. *Stacks, supra.* A trial judge has wide latitude in ruling on the relevancy of evidence and such ruling will be reversed only for an abuse of discretion. No clear abuse has been shown.

 France's next allegation of error urges prejudice as a result of a remark by the prosecutor in reference to habitual offenders. The following is pertinent to this issue:

> MR. WORTH: My second objection, of course, on that would be the hearsay, that I don't have the opportunity to cross-examine whoever—
>
> MR. DOUGLASS: Your Honor, in answer to that specific argument, I would point out the cases in Indiana having to do with habitual offenders and the proof of, uh—
>
> MR. WORTH: I don't believe there's an affidavit that this man's a—
>
> MR. DOUGLASS: No, I say by analogy, I would argue that, you know, it's been admitted in those cases and it's admissible.
>
> MR. WORTH: I think that is very prejudicial to the jury.
>
> COURT: Alright, the Court can rule on it without that. The Court's already ruled on Exhibit A; anyway, we'll overrule the objection stated as to Exhibits A, B, and C for the reason that the hearsay objection does not apply to certified court records.

No definite and specific objection is evinced by the above colloquy. Nor is there any motion by defendant for mistrial, admonishment, or any other indication of an attempt by defense counsel to cure possible error. Defendant's allegation of error is not properly preserved for review by this court. Assuming, *arguendo,* that this contention is properly before us, we find no reversible error. This argument runs the same course as alleging an evidentiary harpoon. An evidentiary harpoon involves improper evidence deliberately introduced by counsel to prejudice the jury, which cannot be corrected by an admonition by the trial judge. *Pallett v. State,* (1978) Ind., 381 N.E.2d 452.

The prosecutor stated that he was making an analogy by such reference; we do not believe France was prejudiced by this statement, nor do we believe that France was placed in a position of "grave peril" so as to warrant a mistrial. *Schmanski v. State,* (1979) Ind., 385 N.E.2d 1122.

The final allegation of error which we must address is whether the trial court erred in overruling France's motion for mistrial and his objections to the admission of evidence of other crimes. He argues that the admission of this evidence violated his motion in limine granted by the trial court. The pertinent parts of that motion are as follows:

"1. Since it is immaterial, irrelevant and highly prejudicial, the State of Indiana and its witnesses should not be permitted to testify or in any way make any reference to any prior crimes or criminal records of the defendant, James Edward France.

"2. Said State of Indiana should also be admonished that any reference made to defendant's prior residence in any penitentiary, jail or other place of detention should not be commented on or questioned by the Prosecuting Attorney.

"WHEREFORE, the defendant, James Edward France, by counsel respectfully requests the Court to instruct the State of Indiana, the Prosecuting Attorney and his Deputy and all the witnesses called herein, not to mention, to refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, any of the above mentioned facts without first obtaining permission of the Court outside the presence and hearing of the jury; and to further instruct the State of Indiana not to make any reference to the fact that this motion has been filed and granted; and to warn and caution each and everyone of the witnesses to strictly follow these instructions."

During the questioning of Doctors McAtee, Fong, and McNabb, the State asked whether they had considered France's criminal history in formulating their diagnoses.

The prior crimes involved convictions for robbery occurring January 12, 1972; bank robbery in August, 1964; and for issuing and passing a bogus check in August, 1961. Defendant objected to the admission of this evidence on the basis of hearsay, irrelevancy and as violating his motion in limine. The trial court gave the following reasons for allowing the use of this evidence:

"COURT: The Court overrules the objections heretofore stated for the reason that the heretofore filed and granted Motion in Limine, that being the said motion filed by defendant on February 5, 1974, does not limit those various matters which may be otherwise presented by the State of Indiana pursuant to the case of *Wilson v. State* [247 Ind. 454], 217 N.E.2d 147 (1966) when the question of the defendant's sanity has been raised and put in issue before the court and the jury. The Court further rules that the tendered exhibit, State's Exhibit A, is not inadmissible on the basis of hearsay for the reason that an officially certified court record falls within an exception to the hearsay rule and is admissible. The Court further finds pursuant to the above cited *Wilson v. State* case that the information contained in State's Exhibit A is relevant and is not objectionable on the grounds of irrelevancy. For these reasons the Court overrules and denies defendant's objection to the introduction and use of State's Exhibit A."

■ The granting of a motion in limine is not a final determination of the admissibility of the evidence referred to in the motion. *Lagenour v. State,* (1978) Ind., 376 N.E.2d 475. The purpose of a motion in limine is to prevent the proponent of potentially prejudicial matter from displaying it to the jury, making statements about it before the jury, or presenting the matter to the jury in any manner until the trial court has ruled upon its admissibility in the context of the trial itself. *Lagenour, supra.* Therefore, it is not *per se* reversible error to allow a prosecutor to ask questions upon subjects encompassed by the pre-trial motion. *Gilliam v. State,* (1978) Ind., 383 N.E.2d 297. Consequently, we must deter-mine whether the evidence was proper and admissible.

■ As noted previously, it is well settled that a plea of not guilty by reason of insanity opens the door for evidence of past behavior, including prior criminal conduct. *Bobbitt v. State,* (1977) Ind., 361 N.E.2d 1193; *Wilson v. State,* (1975) 263 Ind. 469, 333 N.E.2d 755, and that once a plea of insanity is offered by a defendant, all relevant evidence is admissible. *Stevens v. State,* (1976) Ind., 354 N.E.2d 727; *Twomey v. State, supra.* Thus, although prior convictions may be prejudicial in certain circumstances, the State's interest in arriving at the truth will prevail where the evidence is relevant to a material issue. *Powers v. State,* (1978) Ind.App., 380 N.E.2d 598. In this case, the evidence as to prior convictions came in, initially, by way of the State's cross-examination of the defendant's psychiatrist (McNabb) regarding formulation of his opinion. The State was entitled to elicit this information as bearing upon the credibility of the conclusions drawn by the psychiatrist. *Holt v. State,* (1978) Ind.App., 382 N.E.2d 1002; *Whitten v. State,* (1975) 263 Ind. 407; 333 N.E.2d 86.

■ We also find that the trial court properly admitted this evidence of prior convictions, judgments and commitments, and prior findings of competency based upon the official court records exception to the hearsay rule. Records of judicial proceedings are competent evidence and may be admitted into evidence if they are relevant. As stated in *Blackburn v. State,* (1973) 260 Ind. 5, 291 N.E.2d 686:

"Since Appellant's sanity was contested, proof of formal adjudication of mental illness and his resultant commitment were relevant and the trial judge was correct in allowing their introduction." *Id.* at 15, 291 N.E.2d at 692.

Although the case at bar is not identical to *Blackburn, supra,* the principle embodied by that case is still applicable. The evidence in the present case was properly certified and raised no question of its authenticity. Therefore, the trial court did not err in its

admission. *Barr v. State*, (1933) 205 Ind. 481, 187 N.E. 259. *See also Wilson v. State*, (1976) Ind.App., 348 N.E.2d 90; *Coffey v. Wininger*, (1973) 156 Ind.App. 233, 296 N.E.2d 154; *State v. Schaller*, (1942) 111 Ind.App. 128, 40 N.E.2d 976; Ind.Code 34–1–17–7.

We find no reversible error by the trial court in overruling France's motion for mistrial and in overruling his objections to the admission of prior judicial adjudications. Accordingly, the conviction is affirmed.

Affirmed.

LYBROOK, P. J., and LOWDERMILK, J., concur.