**Osia Lee BARNES, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 779S197.

Supreme Court of Indiana.

April 28, 1980.

George Glendening, Hammond, for appellant.

Theodore L. Sendak, Atty. Gen., Cindy Ellis, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Judge.

The appellant was convicted of attempted rape, a Class A Felony, and battery, a Class C Felony. The trial court merged the convictions and sentenced the appellant to forty years.

The record reveals that the victim was accosted by the appellant as she exited the ladies' room in a bank building where she was employed. The appellant shoved the victim back into the ladies' room, stating, "We are going to suck." The appellant held a knife. In the ensuing struggle, the victim suffered a cut. The victim kicked the appellant, and he fled.

The appellant claims that the jury's verdict is not supported by sufficient evidence. This Court will not weigh evidence or judge the credibility of witnesses. If there is substantial evidence of probative value from which the jury could have found the defendant guilty, the conviction will not be disturbed. *Spaulding v. State*, (1978) Ind., 373 N.E.2d 165.

 The appellant argues the evidence is insufficient to identify him as the assailant. Although the victim could not identify the appellant during the trial, she stated that he resembled her attacker. The victim stated that one of her assailant's eyes was "bulging" and that his face was more scarred than the appellant's at the time of the trial. The trial occurred approximately ten months after the attack. The appellant's mother testified that he had a glass eye. Two employees testified that they saw the appellant in the building at the time of the attack. One witness positively identified the appellant as the man who rushed by her as she approached the ladies' room. We have held that the competent testimony of a single eyewitness is sufficient to support a guilty verdict. *Lewis v. State,* (1976) 264 Ind. 288, 342 N.E.2d 859; *Lewis v. State,* (1978) Ind., 383 N.E.2d 65. We hold that the record in the case at bar contains sufficient evidence to support the decision of the trial court.

 The appellant next argues that there is insufficient evidence to support the conviction of attempted rape. In searching the record, we find no evidence of attempted sexual intercourse. The appellant expressly stated his intent to commit a sexually deviate act. We, therefore, reverse the conviction of attempted rape.

 The appellant next claims the trial court erred by allowing the state to inquire of a witness, the appellant's mother, whether she had visited the victim and asked her to drop the pending charges against the appellant. The appellant correctly argues that evidence of a third person attempting to procure a witness' absence or influence testimony is admissible against the accused if he was "privy" to the advances. *Eacock v. State,* (1907) 169 Ind. 488, 82 N.E. 1039; *Perfect v. State,* (1923) 197 Ind. 401, 141 N.E. 52; *Brown v. State,* (1934) 206 Ind. 223, 189 N.E. 133. There is nothing in the record to indicate that the appellant was "privy" to his mother's request of the victim that she drop the charges.

 The trial court allowed the evidence to be admitted on cross-examination for the purpose of impeaching the witness' credibility. The trial court has wide latitude in permitting cross-examination to test credibility of a witness, and only clear abuse of such discretion demands reversal. *Brooks v. State,* (1973) 259 Ind. 678, 291 N.E.2d 559. We hold the trial court did not err in permitting the evidence to be admitted for the purposes of impeaching the witness' credibility.

We decline to treat the other issues raised by the appellant as they relate to the conviction of attempted rape.

The conviction of attempted rape is reversed. The conviction of battery is affirmed. The cause is remanded to the trial court with instructions to separate the merged convictions and to sentence the appellant in accordance with the provisions of battery, as a Class C Felony.

DeBRULER, PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., concurs in result without opinion.