**Stephen DILWORTH, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1080S400.**

Supreme Court of Indiana.

Sept. 3, 1981.

Willie Harris, Gary, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant, Stephen Dilworth, was convicted of attempted rape by a jury on June 26, 1980. In this appeal he claims the verdict was not supported by sufficient evidence and the trial court erred in denying his motion for a directed verdict.

The record discloses the following facts: On July 31, 1978, the victim entered the office building where she worked and boarded an elevator. Appellant followed her. After the door closed, appellant pulled the emergency switch and stopped the elevator. When the victim attempted to get the elevator moving appellant hit her and pushed her against the wall. As the victim

fell to the floor appellant fell across her body and ripped her blouse and slacks open. In the ensuing struggle, the victim freed herself and started the elevator which went to the fifth floor. Two witnesses who had heard screams for help apprehended appellant and detained him until three Gary police officers arrived and took the Appellant into custody. The victim suffered a fractured cervical vertebra and a ruptured disc.

Appellant claims the evidence was insufficient to support the conviction. He erroneously reasons that since the victim's clothes were never completely removed and since he never removed his clothes or his penis from his clothing, there is no evidence to support the conviction of attempted rape.

In reviewing the sufficiency of the evidence, this Court will not weigh the evidence nor judge the credibility of the witnesses. Only the evidence most favorable to the State, together with all reasonable and logical inferences to be drawn therefrom will be considered. As long as there is substantial evidence of probative value supporting the verdict of the jury, the conviction will not be set aside. *Zickefoose v. State* (1979) Ind., 388 N.E.2d 507; *Poindexter v. State* (1978) 268 Ind. 167, 374 N.E.2d 509.

The fact that appellant was unsuccessful in his attempt to remove the victim's clothing does not negate his intent. The jury was justified in finding from the evidence that appellant was prevented from accomplishing this goal because of the actions of the victim rather than from any restraint on his part. Appellant cites *Barnes v. State* (1980) Ind., 403 N.E.2d 331 for the proposition that unless a defendant specifically informs a victim of his intent to rape her, a conviction for attempted rape will not lie. In *Barnes, supra*, there was evidence clearly indicating an attempt to commit deviate sexual conduct rather than rape. There was no such evidence in the instant case.

*Barnes, supra*, is not to be read to mean that this Court will require a direct statement of intent by a defendant in order to prove the intent to commit a particular crime. There is ample evidence in the case at bar from which the jury could infer that the Appellant intended to commit rape and he had taken a substantial step toward carrying out his design. *Himes v. State* (1980) Ind., 403 N.E.2d 1377.

Appellant also claims the trial court erred in denying his motion for a directed verdict. If the evidence is sufficient to sustain a conviction, a motion for a directed verdict is properly denied. *Scott v. State* (1980) Ind.App., 409 N.E.2d 1184, 1186.

A motion for a directed verdict is to be granted only where there is a total lack of evidence on some essential element and where the State has failed to present a *prima facie* case. This Court stated in *Norton v. State* (1980) Ind., 408 N.E.2d 514, 531

"[i]t is well established that a directed verdict is proper only: (1) where there is a total absence of evidence on a certain issue; or (2) where the evidence is without conflict and leads to only one inference, which is in favor of the accused." *Lyda v. State* (1979) Ind., 395 N.E.2d 776, 778; *Mendez v. State* (1977) 267 Ind. 67, 72, 367 N.E.2d 1081, 1084.

Appellant claims there was a total lack of evidence that his conduct constituted a substantial step towards the commission of the crime of rape. We hold the record in this case is sufficient to support the verdict of the jury.

The trial court is in all things affirmed.

All Justices concur.