Good v. The State.

---

## GOOD v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Grand Larceny.*—*Petit Larceny.*—*Former Conviction.*—A former conviction of petit larceny should not be alleged against the defendant in an indictment for grand larceny.

SAME.—*Motion to Quash.*—*Practice.*—Where, in such case, the allegation charging grand larceny is sufficient, a motion to quash the whole indictment should be overruled, but a motion to quash the allegation of a former conviction of petit larceny should be sustained.

SAME.—*Evidence.*—*Statement of Third Persons.*—Statements made by third persons in the absence of the defendant are not admissible in evidence against him.

From the Grant Circuit Court.

*A. Steele* and *R. T. St. John,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

HOWK, J.—The appellant was indicted by the grand jury of the court below, at its April term, 1878.

Omitting the introductory and merely formal parts of the indictment, it charged, in substance, that, "On the 5th day of April, 1878, and in the county of Grant and State of Indiana, Daniel Good did then and there unlawfully and feloniously steal, take and carry away six pieces of meat, of the value of twenty dollars, of the personal goods and chattels of Martha A. Brewer, and that the said Daniel Good was, on the 23d day of November, 1877, in the Grant Circuit Court, in said Grant county and State of Indiana, legally tried and convicted of the crime of petit larceny, as appears of record in the order-book of said court, No. 2, on pages 587 and 588, contrary to the form of the statute," etc.

The appellant moved the court to quash said indictment, which motion was overruled, and to this decision he excepted.

Upon arraignment the appellant's plea to said indictment was, that he was not guilty.

The cause was tried by a jury, and a verdict was returned finding the appellant guilty of petit larceny, and that he had been tried and convicted before of petit larceny, as alleged in the indictment, and assessing his punishment at a fine of one dollar, imprisonment in the state-prison for a term of two years, and disfranchisement and incapacity to hold an office of trust or profit for a like period.

The appellant's written motion for a new trial was overruled, and to this decision he excepted, and judgment was rendered by the court below on the verdict.

In this court the appellant has assigned as errors the following decisions of the court below:

1. In overruling his motion to quash the indictment; .
2. In overruling his motion for a new trial.

We will consider and decide the several questions presented by the alleged errors, in the order of their assignment.

1. It is claimed by appellant's counsel, that, inasmuch as the appellant was charged with grand larceny by the indictment in this case, the indictment was bad, on the motion to quash the same, because it contained a charge of his former trial and conviction of petit larceny. In other words it is claimed, that the appellant could not be properly charged with his former conviction of petit larceny, except in an indictment which charged him again with the crime of petit larceny. This position, in our opinion, is not tenable, in so far as the consequences of such pleading are concerned. It is true, that the appellant was improperly charged with his former trial and conviction of petit larceny, in an indictment charging him with grand larceny; because, under the statute, the former conviction of petit larceny can only be used to enhance the punishment, in a case where he is again charged with petit larceny. 2 R. S. 1876, p. 434, sec. 21. But it does not follow, that, because the indictment contained an improper charge against the appellant, therefore his motion to quash the entire indictment should have been sustained. The indictment contained a valid, legal and sufficient charge of grand larceny against the appellant, and, therefore, his motion to quash the entire indictment was properly overruled. If, however, he had moved the court to quash only so much of the indictment as charged his former trial and conviction of petit larceny, we have no doubt that the court would have sustained his motion, and the decision would have been right and proper. As, however, the appellant's motion, as made, went to the entire indictment, and as it contained, beyond doubt, a valid and sufficient charge of

grand larceny, it is clear, we think, that no error was committed by the court in overruling said motion.

We need not set out, in this opinion, the causes for a new trial assigned by the appellant in his motion therefor. They were chiefly alleged errors of law occurring at the trial and excepted to by the appellant in the admission of improper and illegal evidence. In every instance, we think these causes for a new trial were well assigned. It appears from the bill of exceptions, which is properly in the record, that, over the appellant's objections, the court permitted the State to introduce in evidence the conversations of third persons, had and held between them in the absence of the appellant, touching the alleged felony charged in the indictment. This evidence was all clearly incompetent, and we know of no rule of law under or by virtue of which its admission can be justified. This statement needs no citation of authorities in its support. The evidence thus introduced was, at best, merely hearsay, and the court clearly erred in its admission.

In our opinion, therefore, the appellant was entitled to a new trial of this cause, and the court erred in overruling his motion therefor.

The judgment is reversed, and the cause remanded for a new trial; and the clerk of this court will issue the proper notice for the return of the appellant to the custody of the sheriff of Grant county.