McDONALD *v*. STATE OF INDIANA.

[No. 29,064. Filed April 27, 1954. Rehearing denied June 22, 1954.]

442

*Jacobs & Noland,* of Indianapolis, and *Norman J. Neely,* of Bloomington, for appellant.

*Edwin K. Steers,* Attorney General, *Carl Humble,* Deputy Attorney General, and *Willis Hickam,* Special Deputy Prosecutor, of Spencer, for appellee.

EMMERT, J.—This is an appeal from a judgment denying equitable relief by way of a new trial, sought in a petition which asserted appellant was entitled to a new trial because it was impossible for the court reporter to prepare a bill of exceptions containing all the evidence given on the trial under the rule established in *Indianapolis Life Ins. Co.* v. *Lundquist* (1944), 222 Ind. 359, 53 N. E. 2d 338. After the transcript and assignment of errors had been filed here, the State filed a motion to dismiss or affirm, which we overruled. We had jurisdiction of the appeal when the transcript and assignment of errors were filed, and the issue presented by appellant's original brief should be disposed of on the merits.

The statutory motion for a new trial did not question the sufficiency of the evidence to sustain the verdict, or assert that the verdict was contrary to law.[1] The appellant's position here is that he cannot adequately present his specifications

1. Within thirty days after the verdict appellant filed a supplemental motion for a new trial, and for purposes of

of error without the complete bill of exceptions containing all the evidence given in the trial. The State contends that a complete bill of exceptions was not necessary, but only so much of the evidence would be required in the bill of exceptions as to present the questions presented by appellant's motion for a new trial. Assuming, without deciding, that it would be impossible to obtain a proper bill of exceptions of all the evidence given in the cause, we do not believe on the record before us that thereby appellant was entitled to a new trial under *Indianapolis Life Ins. Co.* v. *Lundquist* (1944), 222 Ind. 359, 53 N. E. 2d 338, *supra,* later followed in *Cook* v. *State* (1951), 231 Ind. 695, 97 N. E. 2d 625, and *Cook* v. *State* (1953), 231 Ind. 695, 702, 110 N. E. 2d 749.

Section 9-2105, Burns' 1942 Replacement, provides in part as follows:

> "The bill of exceptions must contain so much of the evidence as is necessary to present the questions of law upon which the exceptions were taken; but it shall not be necessary for the bill to contain all of the evidence given in the cause or proceeding, unless the decision of the court, or verdict of the jury, shall be called in question as being contrary to law, or not sustained by sufficient evidence."

This statutory provision is similar to the rule in civil appeals. Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice §2275, p. 79 at Comment 11, and authorities therein cited; §2278, pp. 81, 82[2];

---

disposing of this appeal the term "motion for new trial" includes the original and supplemental motions.

2. "Where the appeal does not question the decision or verdict as being contrary to law or not sustained by sufficient evidence, it is sufficient if the bill contains a clear statement of the ruling or matter called in question, together with a succinct recital of the substance of such part of the evidence and proceedings as shall be necessary to advise the Supreme or Appellate

Vol. 4, Lowe's, Works' Indiana Practice, §62.8, pp. 150, 151.

There were three specifications of asserted error concerning the admission of evidence in appellant's statutory motion for a new trial. The first two are not discussed in appellant's original brief in the section on argument, and under Rule 2-17 (f) they are waived. The third specification was as follows:

"3. Error of law occurring at the trial in this: that the court permitted the prosecution to introduce a photograph to-wit Exhibits A and B of a building and surrounding walks and grounds over the objection of the defendant on the basis that said photograph was not properly identified, verified, and qualified as truly representing the appearance and conditions of said place at the time the alleged assault and battery occurred."

Exhibits A and B are in the record here, and they are pictures of a store building in Bloomington which show where the assaults and batteries occurred.

The affidavit charged the assault and battery was committed on George A. Weber, Jr. He was a witness at the time of the trial. Mr. Allen Carter, president and sales manager of the Spriggs Dairy Company, who employed the witness Weber, was also a witness. The court reporter had prepared a transcript of the direct testimony of both of these witnesses, and this was introduced at the hearing on appellant's petition for equitable relief by way of a new trial. The witness Weber testified substantially that both photographs were true and correct representations of the building where the batteries occurred. It was not necessary that the witness be the photog-

Court, as the case may be, of the pertinency or materiality of the matters sought to be reviewed on the appeal." Flanagan, Wiltrout and Hamilton, §2275, p. 79, at Comment 11.

rapher for the exhibits to become admissible. *Silvestro* v. *Walz* (1943), 222 Ind. 163, 51 N. E. 2d 629. See also *Ind. Union Traction Co.* v. *Scribner* (1911), 47 Ind. App. 621, 93 N. E. 1014; *Kickels* v. *Fein* (1937), 104 Ind. App. 606, 10 N. E. 2d 297. Both witnesses testified there was some snow and ice on the ground. The fact that the pictures were taken at a time when there was no snow and ice on the ground does not make them inadmissible. A diagram or map of the place would not have shown any snow and ice on the ground, but this would not make the map or diagram inadmissible. The weight to be given the exhibits was a matter to be determined by the jury, taking into consideration the testimony as to the slick condition of the road and walk at the time. *Caveney* v. *State* (1936), 210 Ind. 455, 4 N. E. 2d 137.

The burden was on the appellant to establish that he could not present to this court his specifications of error in his statutory motion for new trial for want of a bill of exceptions which could not be obtained. We have carefully examined the entire record here, and we are of the opinion he failed to sustain this burden. As we interpret the testimony of the court reporter, who took the evidence at the time of the trial by means of a mechanical recorder, which admittedly became progressively more defective in its operation during the trial, the direct testimony of the witnesses Weber and Carter is substantially correct, and there is no showing that the record of the cross-examination of these witnesses would not have been equally substantially correct. "The evidence need not be in verbatim form. It is sufficient to set forth the substance of the testimony given, and it need not be in question and answer form. *Grisell* v. *Noel Bros. Flour-Feed Co.* (1894), 9 Ind. App. 251, 36 N. E. 452. It may be set forth in narrative form. *Avery*

v. *Nordyke & Marmon Co.* (1905), 34 Ind. App. 541, 70 N. E. 888, dismissed 164 Ind. 186, 73 N. E. 119." Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice §2279, p. 83. In view of the limited specifications of error in the statutory motion for a new trial, we do not believe it was necessary to bring the entire evidence before us on appeal, and appellant did not sustain his burden of proof that he could not obtain a bill of exceptions which contained "so much of the evidence as is necessary to present the questions of law upon which the exceptions were taken." Section 9-2105, Burns' 1942 Replacement.

Judgment affirmed.

Draper, C.J., Flanagan, Gilkison, and Bobbitt, J.J., concur.

NOTE.—Reported in 118 N. E. 2d 891.