JOHNSON, ET AL. *v.* STATE OF INDIANA.

[No. 31139. Filed November 1, 1968.]

*Frank E. Spencer*, Indianapolis, for appellants.

*John J. Dillon*, Attorney General, and *Robert F. Hassett*, Deputy Attorney General, for appellee.

PER CURIAM.—This is an appeal from a judgment of the Superior Court of Johnson County, after a trial by jury, which found the defendant guilty as charged in the affidavit with the offense of theft.

Appellant did not contest the matter of the sufficiency of the evidence in respect to that most favorable to the State of Indiana to establish each of the acts alleged in the evidence, but the appellant raised the question of error in the

ruling of the trial court admitting testimony of state's witness and others by way of hearsay. Also, on appeal, appellant contends there is no such crime as theft defined by statute and, therefore, the verdict is contrary to law.

As to the argument of appellant urging that there is no crime of theft since the statute does not define "theft" as a criminal offense, at no stage in the proceedings of the trial did the appellant press this question. Inasmuch as the appellant did not raise his question during the trial, he has not preserved the question on appeal and, in fact, has waived this question. It is pointed out in Ewbanks Indiana Criminal Law, Vol. 1, § 1, which defines a crime as "an act or omission forbidden by law for which a penalty is prescribed to be pursued by the state upon the presentation to the proper court of an indictment . . . or an affidavit . . .".

Burns' Ind. Stat. § 10-3030 (1968 Cum. Supp.) and § 10-3029 are the relevant sections of the offenses against property act. Burns' § 10-3030 reads as follows:

> "Theft in general.—A person commits theft when he (1) knowingly: (a) obtains or exerts unauthorized control over property of the owner; or (b) obtains by deception control over property of the owner or a signature to any written instrument; or (c) obtains by threat control over property of the owner or a signature to any written instrument; or (d) obtains control over stolen property knowing the property to have been stolen by another, whenever the theft may have occurred; or (e) bring into this state property over which he has obtained control by theft, whenever the theft may have occurred; and (2) either: (a) intends to deprive the owner permanently of the use or benefit of the property; or (b) uses, conceals or abandons the property in such manner as knowingly to deprive the owner permanently of such use or benefit; or (c) uses, conceals or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit."

Burns' § 10-3029 states as follows:

> "The general purpose of this act is to unify several traditionally distinct offenses against person and property

in order to eliminate pointless procedural obstacles to the conviction of thieves and swindlers.

"Specifically, it is the purpose of this act to consolidate all of the theft group of crimes except robbery, and traditional terminology has been abandoned in order that the purpose may be achieved. Consequently, whenever the terms 'larceny,' 'obtaining by false pretenses,' 'embezzlement,' 'receiving or concealing property knowing it to have been stolen,' 'blackmail,' or similar terms are used in any existing procedural or substantive statute or rule, they shall be construed to mean theft as described herein."

It is clear from § 10-3029 that a generic definition of theft has been substituted for the multiplicity of statutes covering various offenses against person and property. It is also clear what the proscribed conduct is and the mental state required. Section 10-3039 sets forth the penalties.

As to appellant's contention that there was grievous error by the trial court in admitting statements by way of hearsay, and objections as such, we believe that the testimony referred to by the appellant was, in fact, hearsay. The testimony is set forth as follows:

"Charles Miller, a witness called on behalf of the State of Indiana, being duly sworn, testified as follows:

*Direct Examination*

Questions by Melvin N. Fredbeck, Prosecuting Attorney.

Q. And, why did you do that? (prior testimony that he put in the four speed from the convertible, removed it and put in a three speed, up above Carl's house.)

. . .

A. There was rumors going around that we took the car and that Mike had the transmission in his car.

Q. Who told you that?
   Mr. Pogue: We strike, move to object, as hearsay.

Q. Yeah, did anybody tell you that?
   Mr. Pogue: We object that it would be hearsay.
   By Court: Overruled.

Q. Go ahead and answer. Did anybody tell you that?

Mr. Pogue: Again, we renew our objections. "That" meaning what was going around in the neighborhood. That would be rumor and hearsay. The worst kind of hearsay.

A. Well, one of my buddies told me—

Mr. Pogue: Just a moment, there's an objection.

By Court: Same ruling.

A. One of my buddies told me around town that—

Mr. Pogue: Move to strike it as being hearsay evidence, Your Honor.

By Court: Same ruling. Objection overruled.

Q. Go ahead?

A. Friends of mine around town told me that—

Mr. Pogue: Now, before you answer it, I want to make a preliminary question.

By Court: Go ahead.

Q. At the time you had the conversation with anybody was this Defendant present?

A. No.

Mr. Pogue: We'll object to the conversation.

By Court: This isn't to the truth or falsity of whether the transmission was or wasn't; it, was just stuff going around.

Mr. Pogue: That would still be the worst kind of hearsay, Your Honor.

By Court: Overruled. Go ahead. Answer the question, Mr. Witness.

Q. Go ahead, Charles?

A. They's just, saying, told me that they knew the car was stolen and that Mike needed a transmission, and that he'd had it in the car."

Objections were properly made to the foregoing questions by the appellant on the ground of hearsay and overruled by the court. The court, in fact, did commit error in admitting the above testimony into evidence which is hearsay. This, however, is harmless error and not reversible error in retrospect to the entire record and evidence.

The case of *Caveney* v. *State* (1936), 210 Ind. 455, 4 N. E. 2d 137, trial by jury, sets forth numerous cases on the question of hearsay and to what extent it is prejudicial or harmless error, where other evidence showed the appellant committed the crime charged.

In *Wolfe* v. *State* (1928), 200 Ind. 557, 159 N. E. 545, trial by jury, the court held the admission into evidence of hearsay statements of the victim of a homicide as to the identity of the defendant, is harmless error where the fact sought to be proved was established by uncontested and uncontradicted evidence.

The appellant has not contested the fact that there was evidence sufficient to establish each of the acts alleged in the affidavit. The admission of the hearsay statement as set forth in the case on appeal was harmless error where the fact sought to be proved was established by other uncontradicted and competent evidence.

The judgment of the trial court is, therefore, affirmed.

Hunter, J., dissents; Lewis, C. J., concurs in result; Jackson, J., concurs in result.

NOTE.—Reported in 241 N. E. 2d 270.