**William Bradley CHITTENDEN, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 981S239.

Supreme Court of Indiana.

June 18, 1982.

Barry L. Standley, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, William Bradley Chittenden, was convicted by a jury of murder. Ind.Code § 35–42–1–1 (Burns 1979 Repl.). He was sentenced to a period of fifty years in the Indiana Department of Correction. In his direct appeal, he presents the following issues for our review:

1. Whether the trial court erred when it permitted the state to introduce photographs of the victim's stab wounds over defendant's objections that the exhibits were gruesome and prejudicial;

2. Whether the trial court erred when it refused to give defendant's instruction number 7 concerning the inferences which could be drawn from defendant's willingness to cooperate with police investigators; and

3. Whether the trial court erred when it refused to give defendant's instruction number 10 concerning the standard against which the jury was to assess the evidence.

The record reveals that on December 12, 1980, Evansville city police officers were summoned to 117 First Avenue in Evansville, Indiana, with regard to a reported homicide at the residence. In the kitchen, police discovered the body of Bruce Bahn; multiple stab wounds had been inflicted on the body. The subsequent police investigation culminated in defendant's arrest and conviction for the murder.

I.

At trial, the state sought to introduce two photographs of the victim's stab wounds, identified as state's exhibits number 11 and 15. The former exhibit depicted bloody chest and neck wounds, while the latter photograph graphically portrayed wounds to the lower back of the victim.

Defendant objected to the admission of the photographs on the basis that they lacked relevancy, that the photographs were gruesome, and that the admission of the photographs would serve only to excite the passions of the jury. The trial court overruled defendant's objections and the photographs were admitted.

Defendant here renews his contentions. In our resolution of his argument, it is well established that wide latitude is vested in the trial court to determine the probative value of evidence vis-a-vis its prejudicial impact. *Sizemore v. State*, (1979) Ind., 395 N.E.2d 783; *Porter v. State*, (1979) Ind., 391 N.E.2d 801; *Tapp v. State*, (1980) Ind.App., 406 N.E.2d 296. Relevant evidence—that which logically tends to prove a material fact—is not inadmissible simply because it is gruesome and cumulative in nature. *Bates v. State*,

(1977) 267 Ind. 8, 366 N.E.2d 659; *Feller v. State*, (1976) 264 Ind. 541, 348 N.E.2d 8. Where the relevancy and materiality of a photograph is minimal, however, and the prejudice to the particular theory of the defense is great, the photograph should not be admitted. *Bates v. State, supra; Carroll v. State*, (1975) 263 Ind. 696, 338 N.E.2d 264.

■ Here, testimony of Dr. Albert Venables, who conducted an autopsy on the decedent's body, established that the cause of death was a stab wound to the right ventricle of the heart. It was Venables's opinion that the wounds of the decedent had been inflicted with a knife, "probably with a sloping blade."   .

The state's exhibit number 11, which portrayed the wounds to decedent's chest and neck area, was relevant evidence to establish the cause of death, as Venables had so testified. It cannot be said that the trial court necessarily abused its discretion in allowing state's exhibit number 11 to be admitted into evidence, for the photographs buttressed the medical testimony concerning the cause of death. *Bates v. State, supra; Baum v. State*, (1976) 264 Ind. 421, 345 N.E.2d 831.

Venables also described the wound which was portrayed in state's exhibit number 15, which revealed the wound to decedent's back. The photograph was relevant insofar as the nature of the attack upon the decedent; the multiplicity of the wounds was material to the state's burden to establish that the death was intentionally caused. *Hightower v. State*, (1981) Ind., 422 N.E.2d 1194.

However gruesome the photographs, which were authenticated by the police officer who took them, it cannot be said the trial court abused its discretion in determining that the relevancy of the photographs outweighed the potential impact on the passions of the jury. *Bates v. State, supra; Carroll v. State, supra*. The impact of exhibits 11 and 15 was minimized by virtue of the fact that several other photographs depicting other stab wounds to decedent's body were also introduced. We find no error here.

## II.

■ Defendant maintains that the trial court erred when it refused to give his instruction number 7, which read:

"If you the jury find from the evidence that the defendant, William Bradley Chittenden, turned himself in to authorities within a short amount of time, the jury can infer the innocence of the defendant."

The instruction was apparently based on the fact that once Evansville Police Officer Terry Appell informed defendant that he wished to discuss Bruce Bahn's death, defendant cooperated by meeting Appell at a liquor store and accompanying him to police headquarters.

Defendant maintains that the instruction was warranted because the converse of his actions—flight—is a matter which may properly be considered by a jury in its assessment of the evidence. *See, e.g., Bruce v. State*, (1978) Ind., 375 N.E.2d 1042. He relies on *Crisp v. State*, (1979) Ind., 394 N.E.2d 115, to support his specific contention.

In *Crisp v. State, supra*, this Court merely held that when a defendant's flight from the community shortly after a crime is placed in issue, he is entitled to introduce evidence and receive the benefit of instructions which serve to explain his flight and rebut the inference raised therefrom. *Caveney v. State*, (1936) 210 Ind. 455, 4 N.E.2d 137.

Defendant has cited no authority to the effect that the rule acknowledged in *Crisp* and *Caveney v. State, supra*, has been extended to require that when no flight has occurred and defendant has cooperated with the police, the jury should be instructed that it can infer defendant's innocence from his actions. Nor do we regard such an extension as logical or proper.

Unlike flight, which raises the inference that a defendant is escaping the investigation and potential punishment which his actions may prompt, human experience has taught us the fact that a suspect remains in

the community and submits to police questioning does not indicate he did not commit the crime. Indeed, in the face of the modern-day communications and cooperation between the law enforcement agencies of this nation, flight offers little of the hope it once afforded suspects.

In addition to the conclusion that instructions such as that tendered here would rest on a presumption of dubious validity, so also do we recognize that the instruction would serve only to pile an inference upon the presumption of innocence constitutionally due all defendants—a matter on which the United States Supreme Court has emphasized the jury should be instructed. *Taylor v. Kentucky*, (1978) 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468; *see also, Underhill v. State*, (1981) Ind., 428 N.E.2d 759.

Where flight is not in issue, a defendant's actions are accorded the presumption of innocence. Consequently, we conclude that only when evidence of flight is presented is it necessary that the jury be informed that it may consider defendant's cooperation with the authorities to explain the flight and counteract its import. Flight was not in issue here; defendant's instruction was properly refused.

### III.

■ Defendant also argues that the trial court erred when it refused to give his instruction number 10, which read:

"The Court instructs you that it is your duty to consider all the circumstances bearing upon the issues of the defendant's guilt or innocence, and, before you can convict the defendant these circumstances must be consistent with each other, and taken together they must point surely and unerringly to the guilt of the defendant before you can convict him. The Court further instructs you that before you can find the defendant guilty as charged in the Information, the burden is upon the State to prove facts and circumstances connecting the defendant with the stabbing of the decedent, Bruce Bahn, and thereby killing him, and, before you can convict the defendant, all the facts and circumstances must be proven by the State to your satisfaction beyond a reasonable doubt that the defendant did stab and kill Bruce Bahn. These facts and circumstances must be consistent with every inference that the defendant is guilty and these facts and circumstances introduced by the State for the purpose of connecting the defendant with the killing of the decedent, Bruce Bahn, must be consistent with the hypothesis that the crime charged could not have been committed by any other person other than the defendant."

Defendant maintains that the instruction was virtually identical to that approved by this Court in *Mitchell v. State*, (1923) 193 Ind. 1, 138 N.E. 507.

While we agree the two instructions are virtually identical, it yet remains—as the state has argued—that the substance of defendant's instruction was adequately covered by other instructions which were given by the trial court. Defendant has summarily argued otherwise, but has not explained what aspect of his instruction was not covered by the trial court's instructions.

The court's instruction number 1 defined the elements of murder and the state's responsibility to prove each element beyond a reasonable doubt. The court's instruction number 2 informed the jury of its responsibilities in the event the state failed to satisfy the reasonable-doubt standard. Instruction number 11 contained further elaboration on the standard, while number 15 informed the jury that the standard also applied to circumstantial evidence. Instruction number 22 was addressed to the presumption of innocence, and number 23 reiterated the state's burden to satisfy the reasonable-doubt standard. Finally, the court's instruction number 26 informed the jury that if two opposing yet reasonable conclusions could be drawn from the evidence, it was the duty of the jury to adopt that interpretation which was consistent with the presumption of innocence accorded the defendant. The trial court did not err when it refused to give defendant's instruction number 10, for the substance of that

tendered instruction was adequately covered by other instructions which were given to the jury. *Spears v. State*, (1980) Ind., 401 N.E.2d 331; *Davis v. State*, (1976) 265 Ind. 476, 355 N.E.2d 836.

For all the foregoing reasons, there was no trial court error and its judgment should be affirmed.

Judgment affirmed.

GIVEN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.