Craig PRICE, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–9211–CR–910.

Supreme Court of Indiana.

Sept. 3, 1993.

Rehearing Denied Oct. 20, 1993.

Howard Howe, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

A bench trial resulted in the conviction of appellant of Murder, for which he received an enhanced sentence of sixty (60) years.

The facts are: Appellant and his wife, Sherri Price, had been having domestic difficulties and at the time in question were estranged. For a period of time, appellant had committed various acts of violence against his wife, including threatening her with a weapon. Shortly before appellant killed his estranged wife, he expressed anger over her involvement with another man.

On the morning of July 13, 1991, he arrived at her home, and in front of their two young children, appellant shot Sherri twice in the head causing her death. He then took his children to his mother's home where he announced that he had shot Sherri. The family was successful in persuading him to surrender to police and to surrender the murder weapon to his sister, who in turn gave it to the police.

■ The State raises the question that appellant's attorneys did not file a timely praecipe. The record shows that judgment was entered on June 26, 1992. At that time, appellant was advised of his right to an appeal, and it was found that he was indigent and entitled to appointment of counsel. However, appellant's attorney did not make an appearance until August 1, 1992, at which time he filed a praecipe. The State is correct that this was in violation of Ind. Appellate Rule 2(A), which requires a praecipe to be filed within thirty days after entry of final judgment. However, in the interest of judicial economy, we will treat this as a belated appeal and decide this case on its merits.

■ Appellant claims the trial court erred in permitting the introduction of photographs of the deceased victim. He concedes that the admissibility of photographs is within the sound discretion of the trial court, citing *McNary v. State* (1984), Ind., 460 N.E.2d 145. He argues, however, that when the relevancy of the photographs is slight and the prejudice to the defense is great, the photographs should not be admitted, citing *Chittenden v. State* (1982), Ind., 436 N.E.2d 86. We have examined the photographs in question. They depict the wounds inflicted on the victim's head. It is apparent the photographs were taken after the blood had been cleaned from the head and appear to be as acceptable as photographs of this type could be. The photographs clearly demonstrate the testimony of the pathologist who conducted the autopsy on the victim. Under the circumstances, they were admissible in evidence. *Phillips v. State* (1990), Ind., 550 N.E.2d 1290. The trial court did not err in the admission of these photographs.

■ Appellant contends the trial court erred in permitting the introduction of the weapon used in the crime. Appellant claims there was an incomplete chain of custody from the time he turned the weapon over to his sister and its arrival in the courtroom for introduction in evidence. The State is required to show a chain of custody for the purpose of showing the unlikelihood of tampering, loss, substitution, or mistake. *Delatorre v. State* (1989), Ind., 544 N.E.2d 1379. This rule is especially applicable to fungible goods which are difficult to identify. However, where an exhibit such as a weapon, which is readily identifiable, is in question, it may be admitted based on the testimony of a witness that it is recognized and in the same state that it had been at the time it was first seen by the witness. *Trotter v. State* (1990), Ind., 559 N.E.2d 585; *Martin v. State* (1988), Ind., 528 N.E.2d 461.

In the case at bar, the weapon was clearly identified by its serial number by both the officer who received it from appellant's sister and the technician who conducted the ballistics tests on the gun at the police laboratory. There can be no doubt that the gun in question in fact was the same gun turned over to police at the time of the crime.

The police technician testified that ballistics tests showed the gun was the same gun which had fired the fatal bullets into the head of the victim. We see no lack of identification of this weapon. The trial court did not err in permitting it in evidence.

■ Appellant claims the trial court committed error when it permitted evidence of prior violence of appellant toward the victim. In the recent case of *Lannan v. State* (1992), Ind., 600 N.E.2d 1334, this Court adopted the language of Fed.R.Evid. 404(b), which provides that prior acts of a defendant may "be admissible for [purposes] such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* As noted in *Lannan*, this rule

is completely consistent with this State's case law on this question.

In the case at bar, the evidence of prior attacks of appellant upon his wife was admissible to show the relationship between the parties and appellant's motive and intent in the commission of the crime. *King v. State* (1987), Ind., 508 N.E.2d 1259; *Haggenjos v. State* (1982), Ind., 441 N.E.2d 430. The trial court did not err in permitting this evidence.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.