**Edward THOMPSON, Appellant–Defendant Below,**

v.

**STATE of Indiana, Appellee–Plaintiff Below.**

**No. 71A03–9307–CR–217.**

Court of Appeals of Indiana, Third District.

Dec. 22, 1993.

Brian J. May, South Bend, for appellant-defendant.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

STATON, Judge.

Edward Thompson appeals his conviction of child molesting, a class C felony.[1] He presents two issues for our review:

    I.  Whether the trial court erroneously admitted evidence of prior sexual acts involving Thompson and M.S.

    II.  Whether the conviction is supported by sufficient evidence having probative value.

We affirm.

The evidence most favorable to the State discloses that Thompson compelled twelve year old M.S. to submit to sexual intercourse on September 21, 1992.

I.

*Evidence of Other Sexual Acts*

■ The State filed a pre-trial "Notice of Intent to Use 404(b) Evidence" in anticipation that M.S. would testify that Thompson had perpetrated prior uncharged sexual acts upon her. At a pre-trial hearing, Thompson objected that the admission of

1.  IND.CODE 35–42–4–3(c).

such evidence lacked probative value and would be unduly prejudicial to him.

At trial, M.S. related a series of events that began with Thompson hugging her in a "funny" manner, progressed to inappropriate touching and culminated in multiple acts of sexual intercourse. Record, p. 215. Thompson renewed his pre-trial objection.

■ Our supreme court recently abolished the depraved sexual instinct rule and adopted Federal Rule of Evidence 404(b) in its entirety. *Lannan v. State* (1992), Ind., 600 N.E.2d 1334, 1339. Evidence of prior sexual misconduct will no longer be admitted to show action in conformity with a particular character trait. It will continue to be admitted for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. *Id.* Evidence of uncharged misconduct may be admissible if it promotes a legitimate inference about some issue in the case, despite its incidental revelation of criminal propensity. *Mayberry v. State* (1992), Ind.App., 605 N.E.2d 244, 246, *trans. denied.*

Our supreme court was recently presented with a challenge to the admission of evidence pursuant to the newly adopted rule of evidence in *Price v. State* (1993), Ind., 619 N.E.2d 582, an appeal of a murder conviction. The court held that the defendant's prior acts of violence against his wife were admissible "to show the relationship between the parties and appellant's motive and intent in the commission of the crime." *Id.* at 584.

We conclude that evidence of Thompson's prior sexual conduct toward the victim was likewise admissible to show the relationship between the parties and Thompson's motive and intent.[2]

## II.

### *Sufficiency of the Evidence*

■ Thompson alleges that there is insufficient evidence to support his convic-

tion because the State did not obtain a test identifying Thompson as the source of semen on a washcloth confiscated by police at M.S.'s home.

■ Our test for sufficiency of the evidence requires that we neither weigh the evidence nor resolve questions of credibility. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Jones v. State* (1992), Ind., 589 N.E.2d 241, 242. The uncorroborated testimony of the victim is sufficient to sustain a conviction. *Hicks v. State* (1989), Ind., 536 N.E.2d 496, 498, *reh. denied.*

M.S. testified that Thompson awakened her and directed her to go into the bathroom, remove her clothing and assume a kneeling position on the side of the bathtub. She further testified that Thompson "pulled out his penis" and inserted it into her "front part." Record, p. 213.

There is sufficient evidence to support Thompson's conviction of child molestation.

Affirmed.

HOFFMAN and CHEZEM, JJ., concur.

---

**2.** Moreover, the history between Thompson and M.S. is particularly relevant because it explains the results of a physical examination performed on M.S. The examining physician indicated that she detected no evidence of recent vaginal trauma to M.S.; however, M.S.'s physical condition was consistent with a history of multiple episodes of sexual intercourse.