William B. CLEAVER, Appellant,

v.

STATE of Indiana, Appellee.

No. 49A02–9306–CR–296.

Court of Appeals of Indiana, Second District.

Feb. 22, 1994.

Nancy L. Broyles, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge, dissenting[1].

The majority of the Second District panel have agreed upon the unpublished order which dismisses this criminal appeal. The dismissal is premised upon the fact that the praecipe was not timely filed.

As we know, the filing of a praecipe within thirty days of the judgment being appealed, as contemplated by Appellate Rule 2(A), is not truly jurisdictional. See *Soft Water Utilities, Inc. v. Le Fevre* (1973) Ind. 301 N.E.2d 745; *Costanzi v. Ryan* (1977) 1st Dist.Ind. App., 368 N.E.2d 12. Rather, depending upon the circumstances, late filing may justify this court in choosing to not exercise jurisdiction which is inherent and which does in fact exist, notwithstanding the procedural irregularity.

If, indeed, filing of a praecipe within thirty days of the judgment were truly jurisdictional, i.e., if this court could not under any circumstances consider the merits of an appeal thus undertaken, there could be no procedure or process under Indiana law permitting a belated praecipe. Clearly, we know that is not the law. See Post Conviction Rule 2, Section 1.

Here, when appellant learned that the praecipe had not been timely filed, even

---

1. This dissent is published pursuant to Appellate  Rule 15(A)(2).

though by that time the record of proceedings had been filed, he petitioned this court for relief. He requested either that the court extend the time for the filing of the appellant's brief or, in the alternative, for instructions as to how he might proceed. On July 10, 1993, this court granted an extension of time within which to file appellant's brief. A second extension was granted to and including September 15, 1993. The appellant's brief was filed on that date. It was not until October 19, 1993, one day after it's brief was due, that the State filed its Motion to Dismiss the Appeal.

In ruling upon appellant's petition for relief in the alternative, this court might well have granted leave to file a belated praecipe and to refile the record of proceedings. Instead the court merely authorized appellant to proceed to file his brief upon the merits. In my estimation, it is unconscionable to renege upon that ruling. This is so, particularly in light of the State's own lack of diligence in determining the status of the case and in filing its Motion to Dismiss.

If there were any doubt in this respect, such doubt should have been wholly dispelled by our unanimous Supreme Court decision in *Price v. State* (1993) Ind., 619 N.E.2d 582. The Court succinctly stated:

"The State raises the question that appellant's attorneys did not file a timely praecipe. The record shows that judgment was entered on June 26, 1992. At that time, appellant was advised of his right to an appeal, and it was found that he was indigent and entitled to appointment of counsel. However, appellant's attorney did not make an appearance until August 1, 1992, at which time he filed a praecipe. The State is correct that this was in violation of Ind. Appellate Rule 2(A), which requires a praecipe to be filed within thirty days after entry of final judgment. However, in the interest of judicial economy, we will treat this as a belated appeal and decide this case on its merits." 619 N.E.2d at 583.

Under the circumstances, this appeal should be considered as a belated appeal and we should get on with the business of deciding the merits of the case. I would deny the Motion to Dismiss.